**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv02225 |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), Defendant Liberty Mutual Insurance Company ("Liberty Mutual") hereby removes the Petition filed by Plaintiff Robert Perales ("Plaintiff") in the 127th District Court of Harris County, Texas as follows:

**FACTUAL BACKGROUND**

On May 31, 2018, Plaintiff filed a petition in an action entitled *Robert Perales v. Liberty Mutual Insurance Company*, in the 127th District Court of Harris County, Texas; Case No. 201836352 (the "State Action"). Copies of Plaintiff's Petition, any other pleadings or orders on file in this action, and all documents required by Local Rule 81 are attached hereto. Liberty Mutual was served with process in the State Action through via certified mail, return receipt requested, on June 11, 2018, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee

benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

By the State Action, Plaintiff is seeking to recover disability benefits (along with other damages) from an ERISA disability benefits plan, in which she was a participant by virtue of his employment with Sprouts Farmers Markets Holdings LLC. This disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act, as ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

As an alternative grounds for removal, Liberty Mutual asserts that there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Defendant Liberty Mutual is incorporated in New Hampshire and has its principal place of business in Massachusetts. Plaintiff, as alleged in the Petition, is a resident of Texas and is asserting claims in excess of $75,000 by his Petition.

Concurrent with the filing of this Notice of Removal, Defendants have filed a Notice of Filing of Notice of Removal with the Court in the State Action.

The following is a list of counsel of record:

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456

***Counsel for Defendant Liberty Mutual Insurance Company***

Robert Perales
12110 Cedar Gap Lane
Houston, Texas 77076
PH: (832) 881-0309

***Pro Se***

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT
LIBERTY MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Pleading was forwarded by US Priority Mail, delivery confirmation requested, on the 29th day of June, 2018 to the following Party:

Robert Perales
12110 Cedar Gap Lane
Houston, Texas 77076

***Pro Se***

/ s/ Iwana Rademaekers
Iwana Rademaekers

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv02225 |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS' INDEX OF DOCUMENTS FOR REMOVAL**

The following documents, attached as Exhibit A, have been served or filed in the state court action:

| | |
|---|---|
| Exhibit 1 | State Court Case Detail |
| Exhibit 2 | Plaintiff's Petition |
| Exhibit 3 | Civil Process Request and Certified Mail Receipts |