**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv02225 |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") files this Motion to Dismiss Plaintiff's Original Petition and Brief in Support.

## I.
## GROUNDS FOR MOTION

In the Plaintiff's Original Petition (hereafter, "Petition"), Plaintiff seeks recovery of short term disability benefits, along with bad faith and breach of duty claims.[1] These causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law. As further grounds for this Motion, Liberty Mutual is not a party to the ERISA Plan or the Policy relevant to this action and should be

[1] See Petition, at ¶ 3, 6, 7, and 8.

dismissed. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[5] As demonstrated below, the Petition fails to meet these requirements and must be dismissed in its entirety.

Plaintiff's Petition directly refers to the disability benefits plan documents that govern the claim for disability benefits. A true and correct copies of the Policy (Exhibit A) pertaining to the disability benefit plan sponsored by Plaintiff's employer, Sprouts Farmers Market LLC ("Sprouts"), is attached hereto and incorporated herein by reference. Although Plaintiff did not attach this document to the Petition, references are made in the Petition to the Policy and the disability plan.[6] Additionally, Plaintiff's claims are clearly predicated on the Policy and benefits plan. It is well-established that under such circumstances, Liberty Life may attach these documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56.

---

[2] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Liberty Mutual does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

[3] Fed. R. Civ. P. 12(b)(6).

[4] E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[5] Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

[6] See Petition, at ¶ 3

Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see also Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991); Cortec Industries v. Sun Holding, 949 F. 2d 42, 48 (2d Cir. 1991); Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Biospherics, Inc. v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997), aff'd on other grounds, 151 F.3d 180 (4th Cir. 1998); Weiner v. Klais and Co., 108 F.3d 86 (6th Cir. 1997); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997); Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Plan Documents that the disability plan at issue is an ERISA plan.[7] Further, the only conduct of Defendant about which Plaintiff complains in the Petition is Defendant's denial of Plaintiff's disability benefits under the plan

[7] See Petition at ¶¶ 3 and 4; Plan Documents, Exhibit "A"; Plaintiff's allegations in the Petition and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); Memorial Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990).

and the administration of his claim for benefits under the plan.[8] Therefore, it is clear that the Court must refer to the Plan Documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Petition, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or

[8] Petition at ¶ 6-8.

hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Petition are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. LIBERTY MUTUAL MUST BE DISMISSED FROM THIS ACTION BECAUSE IT IS NEITHER THE ISSUER OF THE POLICY NOR NAMED IN THE POLICY OR OTHERWISE NAMED IN THE PETITION.

Plaintiff asserts the Policy was issued by Liberty Mutual, and Liberty Mutual made decisions on his claim.[9] However, as reflected by the terms of the Policy itself, the issuer of the Policy is Liberty Life Assurance Company of Boston (Exhibit A at p.1) and not Liberty Mutual, which is a wholly separate entity. As the Petition fails to state any claim against Liberty Mutual upon which relief may be granted (because it is not the issuer of the Policy and was not the decision maker on Plaintiff's claims), Liberty Mutual should be dismissed from this action.

### D. COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn.', 123 F.3d 281, 290 (5th Cir. 1997); see Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismissed Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

---

9 See Petition, at ¶¶ 3 and 6-8.

**III.**
**CONCLUSION**

Liberty Mutual requests the Court dismiss Plaintiff's Original Petition against it with prejudice, dismiss Plaintiff's request for statutory and punitive damages, award Liberty Mutual its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Liberty Mutual any other relief to which it shows itself justly entitled.

Dated this 6th day of July, 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Pleading was forwarded by US Priority Mail, delivery confirmation requested, on the 6th day of July, 2018 to the following Party:

Robert Perales
12110 Cedar Gap Lane
Houston, Texas 77076

***Pro Se***

/ s/ Iwana Rademaekers
Iwana Rademaekers