United States District Court
Southern District of Texas
ENTERED
January 10, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2225 |
| | § | |
| LIBERTY MUTUAL INSURANCE, COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending is Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Original Petition (Document No. 4). Plaintiff has not filed a response in opposition to Defendant's motion, which is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

*Pro se* Plaintiff Robert Perales ("Plaintiff") alleges that Defendant Liberty Mutual Insurance Company ("Defendant") wrongfully denied his short-term disability benefits under his employer's group disability plan.[1] Plaintiff alleges that on or around March of 2016, he requested leave from his employment because he was

[1] Document No. 1, Ex. 2 ¶¶ 6, 8 (Pl.'s Orig. Pet.).

suffering from bipolar disorder, depression, and strep throat.[2] Additionally, he "repeatedly request[ed] his short-term disability payments," which he alleges that Defendant, the issuer of his employer's Group Disability Income Policy, wrongfully denied.[3] On the basis of this denial, Plaintiff brings state law claims for breach of duty and bad faith against the alleged issuer of the policy, Liberty Mutual Insurance Company.[4] Defendant removed the suit to federal court, asserting that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that the Court additionally has diversity jurisdiction.[5] Defendant now moves to dismiss Plaintiff's claims as preempted by ERISA.[6]

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a

---

[2] Id., Ex. 2 ¶¶ 4-5.

[3] Id., Ex. 2 ¶¶ 7-8.

[4] Id., Ex. 2 ¶¶ 6, 8

[5] Id. at 2-3.

[6] Document No. 4 at 1-2.

complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

Defendant argues that Plaintiff's state law claims are preempted by ERISA because they are related to an ERISA-regulated employee benefit plan.[7] Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "ERISA's preemption language 'is deliberately expansive, and has been construed broadly by federal courts.'" Smith v. Tex. Children's Hosp., 84 F.3d 152, 155 (5th Cir. 1996) (citation omitted). Employee benefit plans governed by ERISA are defined by statute to include "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that

---

[7] Id. at 3-5.

such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability . . . ." 29 U.S.C. § 1002(1), (3).

The plan at issue in this case, titled "Group Disability Income Policy," is sponsored by Plaintiff's employer and provides for short-term and long-term disability coverage.[8] This plan meets the statutory definition under 29 U.S.C. § 1002(1), (3) and is therefore governed by ERISA.[9] Plaintiff's state law claims relate to Plaintiff's right to recover benefits under the plan. Accordingly, Plaintiff's state law claims are preempted by ERISA and subject to dismissal for failure to state a claim.[10]

---

[8] Id., Ex. A at 1.

[9] Although the plan at issue is attached to Defendant's motion to dismiss rather than Plaintiff's complaint, Plaintiff does reference the benefits pursuant to this plan and this plan document is central to Plaintiff's claims. Therefore, the court may review this document to determine whether Plaintiff has stated a claim. *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

[10] As observed above, Plaintiff also alleges that he asked for leave from his employment because of his medical issues and also cites the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq.*, but Plaintiff does not allege a claim for violation of that statute, nor, for that matter, does Plaintiff name his employer as a defendant.

It is therefore

ORDERED that Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Original Petition (Document No. 4) is GRANTED, and Plaintiff's claims against Defendant Liberty Mutual Insurance Company are DISMISSED on the merits with prejudice.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 10TH day of January, 2019.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE