**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv02225 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REINSTATE CASE ON DOCKET**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") files this Response to Plaintiff's Motion to Reinstate Case on Docket [Document 14] filed by Plaintiff on August 7, 2019.

**I.**
**PROCEDURAL HISTORY**

On May 31, 2018, Plaintiff filed a petition in an action entitled *Robert Perales v. Liberty Mutual Insurance Company,* in the 127th District Court of Harris County, Texas; Case No. 201836352 (the "State Action"), in which Plaintiff sought recovery of short term disability benefits, along with bad faith and breach of duty claims. Liberty Mutual was served with process on June 11, 2018. On June 29, 2019, Liberty Mutual timely and properly removed the State Action to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. On July 6, 2018, Liberty Mutual filed its Motion to

Dismiss Plaintiff's Original Petition and Brief in Support (Document No. 4), a copy of which was served on Plaintiff via US Priority Mail.

During the pendency of this litigation, Plaintiff had been in contact with the undersigned and the Parties filed motions to continue the Initial Pretrial and Scheduling Conference on two separate occasions (Document 7 on October 15, 2018, and Document 9 on November 14, 2018), both of which were granted (Document 8 entered on October 16, 2018, and Document 10 entered on November 15, 2018). Eight months ago, the Court found that Plaintiff had not filed a response in opposition to Liberty Mutual's Motion to Dismiss, which was therefore deemed unopposed pursuant to Local Rule 7.4. Accordingly, on January 10, 2019, the Court entered an Order granting Liberty Mutual's Motion to Dismiss (Document 12) and entered a Final Judgment dismissing Plaintiff's claims with prejudice (Document 13).

Plaintiff now files his Motion to Reinstate Case on Docket claiming that he is a displaced Hurricane Harvey victim and that his mail has been "sporadic due to [his] various relocations due to the Hurricane Harvey Catastrophe." The legal grounds for Plaintiff's Motion are not entirely clear, but appears to be requesting relief from a judgment or order under Federal Rule of Civil Procedure 60(b)(1). As explained in detail below, Plaintiff's Motion simply does not show that his failure to respond to Liberty Mutual's Motion to Dismiss was due to "mistake, inadvertence, surprise, or excusable neglect," but rather that he just simply has not participated in this lawsuit that he filed more than a year ago. For the reasons discussed below, Plaintiff should not be allowed to expect this Court let his case sit on the docket while he does absolutely nothing for almost a year until such time that he finally decided to make additional contact to argue his case.

## II.
## ARGUMENT

In Plaintiff's Motion to Reinstate, he asserts that "the act or omission resulting in dismissal was not intentional or the result of conscious indifference but was due to an accident or mistake." In his explanation under Paragraph 4 of his Motion, Plaintiff makes absolutely no reference to Liberty Mutual's Motion to Dismiss or his failure to file a response in opposition thereto. But rather he asserts only his medical condition and that he is a displaced Hurricane Harvey victim (claiming that his mail has been "sporadic due to [his] various relocations due to the Hurricane Harvey Catastrophe") as the basis for not responding "to the notice of dismissal" before his case was dismissed. Plaintiff asserts in his Motion that he "suffered a "stroke" at the pertinent period of this action" and attached a copy of a Discharge Summary Report from West Houston Medical Center showing that he had visited the emergency room on July 31, 2018. However, the Discharge Summary states his diagnosis was "Transient ischemic attack" and further states "*The patient is lying in the bed and does not appear to be in any distress. He is awake, alert, and oriented.*" The Discharge Summary also says, "*By the time he came to the Emergency Room, all his deficits had resolved*." Further, although the Discharge Summary Report attached to Plaintiff's motion does state that Plaintiff has a "history of stroke with no residual deficits," it makes absolutely no reference to the dates or even approximate time periods when Plaintiff had suffered a stroke. So although the motion alleges that he had a stroke "during the pertinent period of the action," the Discharge Summary Report attached to his motion does not show that proof of that claim.

Furthermore, it is unclear by the motion as to what the "pertinent period of this action" to which Plaintiff is referring. The Discharge Summary Report is dated July 31, 2018, and although Liberty Mutual's Motion to Dismiss was filed on July 6, 2018 (and served via US Priority Mail on July 8, 2018), this case was not dismissed until January 10, 2019, which was

more than five months after Plaintiff's medical treatment. Accordingly, Plaintiff was clearly given ample time to either respond to Liberty Mutual's Motion to Dismiss or request extensions to do so.

Plaintiff also states in his motion that he notified Liberty Mutual's counsel of his medical condition and that he was "at the understanding that we were in "agreement" to a continuance of the Pretrial Conference." It is unclear as to why this statement is included in Plaintiff's Motion, as Plaintiff's attendance at the Pretrial Conference was not at issue in the Court's January 10, 2019, Order or Final Judgment. However, to the extent that Plaintiff's Motion to Reinstate could be construed to assert claims of fraud, misrepresentation, or misconduct by an opposing party under FRCP 60(b)(3), such an assertion is completely unfounded. Pursuant to discussions with Plaintiff, Counsel for Liberty Mutual filed two joint motions to continue the Pretrial Conference, citing Plaintiff's health and hospitalizations in both motions (see Documents 7 and 9) and further informing the Court in the second motion (Document 9) that "On November 14, 2018, Plaintiff advised Counsel for Defendant that Plaintiff's doctor does not want him doing anything until after December 2018. Plaintiff further advised that he is currently looking for an attorney to represent him in this matter." The undersigned mailed a copy of the Order granting the motion for continuance and resetting the Conference to January 25, 2019, to Plaintiff via US Priority Mail on November 16, 2018. To this date, the undersigned has not received any further telephone calls or correspondence from Plaintiff nor from any attorneys claiming to represent Plaintiff since after the aforementioned November 14, 2018, telephone call from Plaintiff.

Plaintiff's Motion to Reinstate cites his medical conditions as one of the two reasons that he did not "respond to the notice of dismissal before [his] case was dismissed." However, of particular note is that, although Plaintiff had been in contact with the undersigned during the months of October and November 2018 to request continuances of the pretrial conference, at no

time during these conversations did Plaintiff request additional time to respond to Liberty Mutual's Motion to Dismiss that had been filed in the case.

Plaintiff also asserts that he is "a displaced Hurricane Harvey Victim" as the other reason that he did not "respond to the notice of dismissal before [his] case was dismissed". However, Plaintiff has never provided the undersigned or the Court with any temporary or permanent changes of address or contact information. In fact, the address and telephone number under Plaintiff's signature on his Motion to Reinstate is the same address and telephone number that Plaintiff provided on his original Petition, which is also the address where Liberty Mutual's Motion to Dismiss was served on Plaintiff. As such, it defies logic that Plaintiff now cites "various relocations" and his status as a "displaced Hurricane Harvey Victim" as reasons for his failure to participate in this case. Especially given that, as evidenced on the Motion itself, Plaintiff continues to use the same address and telephone number that he has used since the inception of this case. Additionally, in an attempt to support his argument regarding his status as a "displaced Hurricane Harvey Victim," the Motion states that a letter from FEMA is attached. However, there was no such documentation attached to the copy of the Motion filed with the Court nor with the copy served via facsimile on the undersigned. Plaintiff did attach a copy of an envelope from FEMA addressed to Plaintiff, but the envelope does not show a date and it is impossible to ascertain at what point between the date Hurricane Harvey first made landfall in Texas in August 2017 and the present that the letter was received, much less its contents. Accordingly, the FEMA envelope attached to Plaintiff's Motion to Reinstate is not evidence of any point made by Plaintiff in his motion, other than the fact that a letter was mailed to Plaintiff from FEMA at some point in time.

For further argument, if need be, Plaintiff's Motion to Reinstate Case on Court's Docket fails to explain why Plaintiff waited until July 31, 2019, to file his Motion. Although, Plaintiff's

motion asserts that he did not receive a copy of the Order of Dismissal within 20 days after it was signed by the Court (claiming this is because "[his] mail is "sporadic" due to [his] various relocations due to the Hurricane Harvey Catastrophe"), he does admit that he received a copy of the Order on March 18, 2019. Accordingly, Plaintiff's Motion to Reinstate was filed more than 120 days after the date he claims that he received a copy of the Order of Dismissal. This is further demonstration of Plaintiff's lack of participation in his own lawsuit filed by Plaintiff more than a year ago.

Furthermore, Plaintiff asserts "various relocations" due to Hurricane Harvey as the reason he was unaware of the Court's dismissal until March 18, 2019. However, pursuant to Local Rule 83.4, a lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address.

It is clear from Plaintiff's Motion to Reinstate that he is apparently under the impression that his case was dismissed due to his inability to attend the Pretrial Conference. He also appears to insinuate that Counsel for Liberty Mutual disregarded his medical condition and failed to obtain a continuance of the Pretrial Conference. However, that is simply untrue. As stated above and as shown in the Court's records, Counsel for Liberty Mutual did, in fact, move to extend the Pretrial Conference date on two occasions based on Plaintiff's health issues. Furthermore, the Order entered on January 1, 2019, clearly states that the reason this action was dismissed was that the Court found that Plaintiff did not file a response in opposition to Defendant's motion to dismiss, which was therefore deemed unopposed pursuant to Local Rule 7.4., and for the reasons cited in the Order, concluded that Liberty's Motion to Dismiss should be granted.

The Court generously waited more than six months to rule on Liberty Mutual's Motion to Dismiss, during which time Plaintiff had intermittent contact with Counsel for Liberty Mutual.

Plaintiff has not demonstrated in his Motion any "mistake, inadvertence, surprise, or excusable neglect" and it would be completely unreasonable to expect the Court to hold a case open for months on end waiting for Plaintiff to step forward and participate in his own lawsuit. Accordingly, Plaintiff has failed to demonstrate just cause for reinstating this case on the Court's docket and his Motion to Reinstate should be denied.

## III.
## CONCLUSION

Liberty Mutual requests the Court deny Plaintiff's Motion to Reinstate Case on Docket and grant Liberty Mutual any other relief to which it shows itself justly entitled.

Dated this 9th day of August 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Pleading was forwarded by US Priority Mail, delivery confirmation requested, on the 9th day of August 2019 to the following Party:

Robert Perales
12110 Cedar Gap Lane
Houston, Texas 77076

***Pro Se***

/ s/ Iwana Rademaekers
Iwana Rademaekers