United States District Court
Southern District of Texas
ENTERED
November 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2225 |
| | § | |
| LIBERTY MUTUAL INSURANCE, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Pending is *pro se* Plaintiff Robert Perales's Motion to Reinstate Case (Document No. 14). In its Order and Final Judgment, entered January 10, 2019, the Court dismissed Plaintiff's claims with prejudice for failure to state a claim.[1] Plaintiff now moves to reinstate his case.

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Document Nos. 12, 13.

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff appears to argue that his case should be reinstated according to Rule 60(b)(1), though he does not mention the standard in his motion. Instead, Plaintiff complains that he "did not respond to the notice of dismissal before my case was dismissed" due to being a displaced Hurricane Harvey victim and to suffering a stroke "at the pertinent period of the action."[2] However, the stroke to which he refers occurred in July 2018, and his case was not dismissed until January 2019.[3] Additionally, Plaintiff provides no evidence or address change notice that demonstrates he was displaced due to Hurricane Harvey at any time between when the motion to dismiss was filed on July 6, 2018, and the entry of the order for dismissal on January 10, 2019.

Plaintiff never responded to the motion to dismiss, even after being given ample extra time to respond. The Fifth Circuit has said

---

[2] Document No. 14.

[3] Plaintiff attaches the discharge summary report from his trip to the emergency room for the stroke. According to the doctor's notes, Plaintiff's symptoms "had resolved" by the time he got to the emergency room, and he was discharged in stable condition on August 1, 2018, one day after arriving at the emergency room. Id.

that even though Rule 60(b)(1) allows relief for mistake or inadvertence, "a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.'" Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (citation omitted). Plaintiff has not shown that he exercised due diligence so as to permit relief under Rule 60(b)(1).

Additionally, Plaintiff did not file his current motion to reinstate until August 7, 2019, almost seven months after the case was dismissed. Plaintiff asserts that he did not receive notice of the dismissal until March 18, 2019,[4] but even accepting Plaintiff's assertion, Plaintiff still did not move to reinstate for almost five months after the date that he admits he received notice of the dismissal. Rule 60(c) "requires a motion under any of the grounds for relief outlined in section (b) to be brought 'within a reasonable time.'" Limon v. Double Eagle Marine, L.L.C., 771 F. Supp. 2d 672, 679 (S.D. Tex. 2011) (Miller, J.) (quoting FED. R. CIV. P. 60(c)). The Limon court found that waiting four months to file a Rule 60(b) motion was unreasonable. Id. Plaintiff's delay of almost five months before filing his motion for reinstatement likewise is not reasonable. Accordingly, it is

[4] Id.

ORDERED that Plaintiff Robert Perales's Motion to Reinstate Case (Document No. 14) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 22nd day of November, 2019.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE